AO 106 (Rev. 04/10) Application for a Search Warrant

AUTHORIZED AND APPROVED/DATE: _D.H. Dilbeck 3/12/24_

*AMG*
*3/12/24*

# UNITED STATES DISTRICT COURT
### for the
### Western District of Oklahoma

In the Matter of the Search of
*(Briefly describe the property to be searched ·
or identify the person by name and address)*

Information Associated with call number (580) 243-2272
in the custody or control of AT&T Wireless

) 
) 
) 
) 
) 
) 
)

Case No. *M-24-222-AMG*

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ____Southern____ District of ____Florida____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | | *Offense Description* |
|---|---|---|
| 18 U.S.C. Section 1343 | Wire Fraud | |

The application is based on these facts:

See affidavit, attached hereto

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

James Wren, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __3/12/2024__

City and state: Oklahoma City, Oklahoma

_____
*Judge's signature*

Amanda Maxfield Green
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER (580) 243-2272 WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY IN THE CUSTODY OR CONTROL OF AT&T WIRELESS | Case No. _____ <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Special Agent James Wren, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain cellular device assigned with call number **(580) 243-2272** (the "**Subject Account**") that is in the custody or control of AT&T Wireless, a wireless communications service provider that accepts process at 11760 U.S. Highway 1, North Palm Beach, Florida 33408.  As a provider of wireless communications service, AT&T Wireless is a provider of "electronic communications service," as defined in 18 U.S.C. § 2510(15).

2.      The information to be searched is described in the following paragraphs and in **Attachment A**.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to require

**AT&T Wireless** to disclose to the government the information further described in Section I of **Attachment B**. Upon receipt of the information described in Section I of **Attachment B**, government-authorized persons will review the information to locate the items described in Section II of **Attachment B**.

3.    Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definition of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act, *see* 18 U.S.C. §§ 3121–3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

4.    In sum, this affidavit is made in support of an application for three distinct items: (1) a pen register and trap-and-trace device on the **Subject Account**, pursuant to 18 U.S.C. § 3121–3127; (2) a "ping" on the **Subject Account**, pursuant to 18 U.S.C. § 2703 and Fed. R. Crim. P. 41(c); and (3) an order for historical and prospective cell site data for the **Subject Account**, pursuant to 18 U.S.C. § 2703(d).

5.    I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since 2019. I am currently assigned to the Oklahoma City Division, Woodward Resident Agency. My responsibilities include the investigation of possible violations of federal law, including

2

investigation of gang-related criminal activity, violent crime, drug trafficking, crimes against children, embezzlement, amongst various other violations. During my career, my investigations have included the use of various surveillance techniques and the execution of various search, seizure, and arrest warrants.

6.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7.    There is probable cause to believe that **GARY HENSON ("HENSON")** has violated of 18 U.S.C. § 1343 and 18 U.S.C. § 1028A. **HENSON** has been indicted by a Federal Grand Jury for these offenses, and a warrant has been issued for his arrest. There is also probable cause to search the information described in **Attachment A** to assist and aid in the apprehension of **HENSON** as further described in **Attachment B**.

8.    The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

9.    On February 8, 2024, a Federal Grand Jury indicted **HENSON** for violations of 18 U.S.C. § 1343 and 18 U.S.C. § 1028A. An arrest warrant was issued thereafter. The indictment followed an FBI investigation into **HENSON**. The investigation uncovered evidence that **HENSON** had embezzled from a former employer by setting up fraudulent

3

employee payroll accounts and diverting the money directed to these fraudulent accounts into his personal bank account.

10.     Through interviews with the former employer's CEO and **HENSON's** ex-girlfriend, I was able to determine that **HENSON** uses telephone number (580)-243-2272, the Subject Account. The CEO provided a screenshot from his phone that showed he had saved the Subject Account as **HENSON's** phone number. **HENSON's** ex-girlfriend provided screenshots from her phone of a conversation she had with **HENSON** on 3/10/2024, wherein **HENSON** used the **Subject Account**. I have confirmed that AT&T Wireless provides service for the **Subject Account**.

11.     In my training and experience, I have learned that AT&T Wireless is a company that provides cellular communications service to the general public.  I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records."  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be ten (10) or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily serve every call to or from that device.  Accordingly, cell-site data provides an approximate general location of the cellular device.

4

12. Based on my training and experience, I know that AT&T Wireless can collect cell-site data about the **Subject Account**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as AT&T Wireless typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

13. Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers—as transmitted from a cellular device to a cellular antenna or tower—can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

14.     Based on my training and experience, I know wireless providers such as AT&T Wireless typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as AT&T Wireless typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may assist in locating and apprehending **HENSON**. In my training and experience, this information may also constitute evidence of the crimes under investigation because the information can be used to identify the **Subject Account**'s user.

15.     In my training and experience, I have used cell-site locations, phone pings, and call detail records to locate fugitives by analyzing records and data provided by cell service providers. In my training and experience, obtaining precise location information for the next forty-five (45) days for the **Subject Account** will assist and aid law enforcement in apprehending **HENSON**, who is the subject of an active arrest warrant.

## AUTHORIZATION REQUEST

16.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Fed. R. Crim. P. 41. The proposed warrant will also function as a pen register order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and/or trap and trace device to record, decode, and/or capture certain

6

information in **Attachment A** for each communication to or from the **Subject Account**, without geographic limit, for a period of forty-five (45) days pursuant to 18 U.S.C. § 3123(c)(1).

17.    I further request, pursuant to 18 U.S.C. § 3103a(b) and Fed. R. Crim. P. 41(f)(3), that the Court authorize the officer executing the warrant to delay notice for a period of one year from the signing of the warrant.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Subject Account** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1).  As further specified in **Attachment B**, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2).  Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18.    I further request that the Court direct AT&T Wireless to disclose to the government any information described in Section I of **Attachment B** that is within its possession, custody, or control.  Because the warrant will be served on AT&T Wireless, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

7

19.    I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents as their premature disclosure may jeopardize this investigation.

Respectfully submitted,

JAMES WREN
Special Agent
Federal Bureau of Investigations

Subscribed and sworn to before me on _March 12_____, 2024

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

8

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (580) 243-2272 with International Mobile Subscriber Identity (the "**Subject Account**") whose wireless service provider is AT&T Wireless (the "Provider"), a company that accepts process at 11760 U.S. Highway 1, North Palm Beach, Florida, 33408.

2. Records and information associated with the **Subject Account** that is within the possession, custody, or control of AT&T Wireless.

## ATTACHMENT B

### Particular Things to Be Seized

**I.    Information to be Disclosed by the Provider**

To the extent that the information described in **Attachment A** is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the **Subject Account** listed in **Attachment A**:

   a.   The following information about the customers or subscribers associated with the **Subject Account** for the time period February 1, 2024 to the present:

   i.    Names (including subscriber names, user names, and screen names);

   ii.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii.  Local and long-distance telephone connection records;

   iv.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v.    Length of service (including start date) and types of service utilized;

   vi.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records;

ix.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the **Subject Account**, including:

1.  the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

2.  information regarding the cell tower and antenna face (also known as "sectors" through which the communication were sent and received.

b.  The following information about the customers or subscribers associated with the **Subject Account** for a period of 45 days from the issuance of the warrant, including:

i.  Names (including subscriber names, user names, and screen names);

ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

iii.  Local and long-distance telephone connection records;

iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

v.  Length of service (including start date) and types of service utilized;

vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network

2

Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii.   Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

c.   Information associated with each communication to and from the **Subject Account** for a period of 45 days from the issuance of the warrant, including:

i.    Pen Register / Trap and Trace device with prospective cell site information or data about which "cell towers" were used;

ii.   E-911 Phase II data;

iii.  'GPS data to include cell tower sector information;

iv.   Latitude-longitude data;

v.    Other available precise location information;

## II.   Information to Be Seized by the Government

All information described above in Section I that would assist and aid in the apprehension of Gary Henson pursuant to an active arrest warrant.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by AT&T Wireless in order to locate the things particularly described in this Warrant.

## ATTACHMENT C

### 18 U.S.C. § 3122 Certification

In support of this application, and pursuant to 18 U.S.C. § 3122, I state that I am an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure. I certify that the information likely to be obtained from the requested warrant is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing paragraph is true and correct.

03/12/2024
Date

D.H. Dilbeck
Assistant United States Attorney